Commonwealth *v.* Saunders, Appellant.

Argued April 18, 1974. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*John J. Dean,* Assistant Public Defender, with him
*George H. Ross,* Public Defender, for appellant.

*Robert L. Campbell,* Assistant District Attorney,
with him *Robert L. Eberhardt,* Assistant District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE ROBERTS, July 1, 1974:

In *Commonwealth v. Mills,* 447 Pa. 163, 286 A.2d
638 (1971), this Court held that one convicted and sentenced in a federal court may not subsequently be convicted in a Pennsylvania state court for the same offense "unless it appears from the record that the interests of the Commonwealth of Pennsylvania and the jurisdiction which initially prosecuted and imposed punishment are substantially different." Id. at 171-72, 286
A.2d 642 (footnote omitted).[1] On this direct appeal

---

[1] Our holding in *Mills* has since been adopted by the Legislature as § 111 of the Crimes Code, 18 Pa.S. § 111 (1973). See also Model Penal Code § 1.10 (Proposed Official Draft, 1962), upon which § 111 of the Crimes Code is modeled.

from appellant's 1970 conviction and sentence of armed robbery, following his conviction in federal court for the same offense, we are asked to determine whether *Mills* requires that appellant be discharged. We hold that it does.

On October 1, 1969, a jury in the United States District Court for the Western District of Pennsylvania found appellant guilty of the robbery of a federal savings and loan institution in Pittsburgh, and he was sentenced accordingly. Thereafter, on March 11, 1970, a judge of the Court of Common Pleas of Allegheny County sitting without a jury found appellant guilty of the same robbery. A concurrent prison sentence was imposed. The Superior Court affirmed the judgment of sentence per curiam without opinion,[2] and on November 30, 1971, one month before our decision in *Mills,* this Court granted appellant's petition for allowance of appeal.[3] We then remanded the case to the trial court for the filing and disposition of supplemental post-trial motions, and retained jurisdiction. The present appeal is from the trial court's January 9, 1974 denial of appellant's motion in arrest of judgment.

Here, as in *Mills,* the record shows that the interests of the Commonwealth were fully protected by the initial prosecution and conviction in federal court. The Commonwealth concedes as much. The Commonwealth contends, however, that *Mills* applies only to prosecutions initiated after December 31, 1971, the date *Mills* was decided. We cannot agree; the infirmity of the Commonwealth's argument is found in our post-*Mills* case law.

---

[2] *Commonwealth v. Saunders,* 218 Pa. Superior Ct. 183, 279 A.2d 259 (1971). Judge HOFFMAN filed a dissenting opinion. Id. at 184, 279 A.2d at 259.

[3] See Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, art. II, § 204(a), 17 P.S. § 211.204(a) (Supp. 1974).

Subsequent to *Mills,* this Court unanimously reversed, in collateral proceedings, the judgments of sentence of three appellants whose prosecutions not only were commenced prior to our decision in *Mills,* but whose prosecutions also predated the trials of appellant Mills and Saunders, the present appellant. See *Commonwealth v. Hall,* 447 Pa. 572, 287 A.2d 441 (1972) (1966 prosecution; judgment of sentence reversed February 11, 1972); *Commonwealth v. Pope,* 447 Pa. 576, 287 A.2d 902 (1972) (1965 prosecution; judgment of sentence reversed March 20, 1972); *Commonwealth v. Pugh,* 447 Pa. 582, 288 A.2d 519 (1972) (1962 prosecution; judgment of sentence reversed March 20, 1972). *Hall, Pope,* and *Pugh* refute the Commonwealth's argument.[4]

This Court having granted collateral relief in *Hall, Pope,* and *Pugh* to appellants whose prosecutions predated both our decision in *Mills* and the instant prosecution, it cannot now successfully be argued that appellant Saunders, who is here on direct appeal, is not entitled to the same relief. Cf. *Bradley v. School Board,* 416 U.S. 696, 94 S. Ct. 2006 (1974);[5] *Commonwealth ex rel. Smith v. Myers,* 438 Pa. 218, 235-37, 261 A.2d

---

[4] Regrettably, neither party has cited either *Hall, Pope,* or *Pugh* in its brief in this Court, although our treatment of *Mills* is well documented. See Shepard's Pennsylvania Citations 322 (1956-1973 Supp. 1973). Even more unfortunately, the record fails to disclose that either the prosecution or the defense called the trial court's attention to these cases when arguing appellant's post-trial motions. See ABA Code of Professional Responsibility, DR 6-101(A)(2) (1969).

[5] In *Bradley,* the Supreme Court, there speaking of cases on direct review, as here, reiterated the oft-repeated "principle that a court is to apply the law in effect at the time it renders its decision . . . ." 416 U.S. at 711, 94 S. Ct. at 2016. See also Comment, Today's Law and Yesterday's Crime: Retroactive Application of Ameliorative Criminal Legislation, 121 U. Pa. L. Rev. 120, 131-47 (1972).

550, 558-59 (1970). It must therefore be concluded that here, as in *Mills, Hall, Pope,* and *Pugh,* neither the Pennsylvania conviction nor the punishment imposed may stand.

Judgment of sentence reversed and appellant discharged.

Mr. Justice POMEROY concurs in the result.