412 A.2d 595

**COMMONWEALTH of Pennsylvania**

**v.**

**George GESCHWENDT, Appellant.**

Superior Court of Pennsylvania.

Argued Aug. 7, 1979.

Filed Oct. 19, 1979.

Seth Weber, Assistant Public Defender, Doylestown, for appellant.

Stephen B. Harris, First Assistant District Attorney, Doylestown, for Commonwealth, appellee.

Before WATKINS, MANDERINO and CIRILLO, JJ.*

CIRILLO, Judge:

The defendant was convicted by a jury of six counts of murder in the first degree. All the murders were committed by the defendant on the same day in the same house. After further deliberation, the jury imposed the death penalty on the defendant on each count. Post-trial motions were filed and argued, and refused, and the defendant has appealed.

■ The defendant raised the issue of insanity at his trial. The trial judge properly charged the jury that it could bring in verdicts of guilty of murder in the first degree, or not guilty by reason of insanity. However, the trial judge refused the defendant's request that he charge the jury as to the consequences of a verdict of not guilty by reason of insanity. The trial judge's refusal to so charge was correct at the time of trial. However, the Supreme Court subsequently in the case of *Commonwealth v. Mulgrew*, 475 Pa. 271, 380 A.2d 349 (1977), decided that a trial judge should charge as to the consequences of a verdict of not guilty by reason of insanity. The defendant urges that we apply the *Mulgrew* decision retroactively. We hereby decline to do so because many cases have held that new decisions will not apply retroactively unless they involve constitutional issues: *Commonwealth v. Ernst*, 476 Pa. 102, 381 A.2d 1245. We see no constitutional issue involved in *Mulgrew*, and will therefore not apply that decision retroactively in this case. The trial court's charge was therefore proper.

■ The defendant also complains of the failure of the trial judge to charge in respect to alternate definitions of insanity, the defendant having presented several points for charge which would have included an expanded definition of insanity. However, the court charged under the M'Naghten test, under which the jury was charged that in order to find

* Justice LOUIS L. MANDERINO of the Supreme Court of Pennsylvania, and Judge VINCENT A. CIRILLO of the Court of Common Pleas of Montgomery County, Pennsylvania, are sitting by designation.

the defendant insane he must, at the time he committed the act, either did not know the nature and quality of the act or he did not know that it was wrong. That is the correct charge under Pennsylvania law, and no expansion of the definition was necessary. The M'Naghten test is still the rule in Pennsylvania for a determination of insanity: *Commonwealth v. Demmitt*, 456 Pa. 475, 321 A.2d 627 (1974); *Commonwealth v. Walzack*, 468 Pa. 210; 360 A.2d 914 (1976). Any further expansion of the definition would probably have served only to confuse the jury rather than to clarify the definition of insanity. We hold, therefore, that the trial judge's charge was proper and formed no basis for a reversal.

■ The defendant challenged the array of the jury panel contending that he could not receive a fair trial because attorneys and physicians were excluded from being jurors. The challenge was denied by the trial court. Attorneys and physicians are indeed excluded from being jurors in third class counties because the Act of May 17, 1939, 17 P.S. § 1333, specifically provides that attorneys at law and physicians in active practice shall not be listed for jury service. The exclusion of attorneys and physicians from jury service has been specifically upheld by the Superior Court in *Commonwealth v. Kloch*, 230 Pa.Super. 563, 327 A.2d 375 (1974). Therefore, the challenge was properly denied.

■ The defendant further complains that the trial judge unduly and erroneously restricted his voir dire examination of the prospective jurors. The defendant proposed asking the jurors whether they would be reluctant to return a verdict of not guilty by reason of insanity if they were not informed of the consequences of such a verdict. That question obviously would go to the first part of this Opinion, and was properly refused by the trial judge. The defendant also proposed to ask the prospective jurors if they had any prejudice against psychiatric testimony. That question was also refused and properly so as decided in *Commonwealth v. Johnson*, 452 Pa. 130, 305 A.2d 5 (1973). It has been held that a trial judge has wide latitude in determining what

questions may be asked on voir dire, and that the primary purpose of voir dire is to determine whether the juror has a preconceived opinion as to the accused's guilt or innocence: *Commonwealth v. England*, 474 Pa. 1; 375 A.2d 1292 (1977). Therefore, the trial judge was not in error.

 The defendant next complains of the refusal of his motion for a change of venue. This case admittedly received widespread publicity, and most of the jurors had read about it. However, the trial court found that many of the newspaper accounts depicted the defendant in such a light as to engender sympathy for him and to increase the likelihood of a verdict of not guilty by reason of insanity. Therefore, no change of venue was necessary. The grant or refusal of a change of venue is ordinarily within the sound discretion of the trial judge, and will not be disturbed, and widespread publicity does not absolutely necessitate a change of venue: *Commonwealth v. Powell*, 459 Pa. 253, 328 A.2d 507 (1974). In addition, each prospective juror was questioned as to his or her knowledge of any newspaper publicity. Many of the prospective jurors replied that they had indeed read about the case, but had formed no fixed opinion as to guilt or innocence. The trial judge was satisfied that the jury as selected was not in fact prejudiced by the newspaper publicity.

 The defendant complains of the admission of certain photographs as being allegedly inflammatory and prejudicial. The photographs depicted blood-stained rugs and clothing, and the body of one of the victims. Ordinarily, the admission of photographs in a murder case is within the sound discretion of the trial judge: *Commonwealth v. Wade*, 480 Pa. 160, 389 A.2d 560 (1978). It is the duty of the trial judge to determine initially whether the photographs are inflammatory and, even then, if they are determined to be inflammatory they may be admitted in certain instances: *Commonwealth v. Wade*, supra. The court in this case concluded that the offered photographs were not inflammatory and were not gruesome. Therefore, the court did not err in admitting the photographs.

■ The defendant's last contention is that his stenographically transcribed confession should have been suppressed because it was involuntarily induced. A reading of the record belies that contention. The defendant had previously orally confessed to a detective. After his arraignment, a police officer gave him his *Miranda* warnings and proceeded to ask him to repeat his prior confession. The defendant stated, "Well, maybe I ought to have a lawyer." Thereupon, the police officer began to ask him questions, and he indicated that he would answer the questions without having a lawyer present. There were no threats or tricks or cajoling as in *Commonwealth v. Nathan*, 445 Pa. 470, 285 A.2d 175 (1971). The confession was properly admitted into evidence.

The defendant received a fair trial and was properly and lawfully convicted, and the court below is hereby affirmed. Sentence of death is hereby affirmed.

MANDERINO, J., files a dissenting opinion.

MANDERINO, Judge, dissenting:

I dissent. Under *Commonwealth v. Mulgrew*, 475 Pa. 271, 380 A.2d 349 (1977) the appellant is entitled to relief. *Mulgrew, supra*, held that a trial judge must charge the jury as to the consequences of returning a verdict of not guilty by reason of insanity. If the jury in the case before us had been so charged this could have changed the outcome of their deliberations and their ultimate verdict. It is possible that an informed decision, as mandated by *Mulgrew, supra*, was not made when the jury rendered its verdict.

Whether an issue is constitutional or not is not a fair way to determine whether the appellant is entitled to relief. If the error may have contributed to a miscarriage of justice, relief is warranted. Constitutional principles are not the only principles designed to insure a just result. Judicial law, as well as statutory law, seeks the same objective. The judgment of sentence should be reversed and a new trial granted.