446 A.2d 1337
## COMMONWEALTH of Pennsylvania

v.

## Paul Gary HASTINGS, Appellant.

Superior Court of Pennsylvania.

Argued Feb. 16, 1982.

Filed June 18, 1982.

Petition for Allowance of Appeal Denied Oct. 8, 1982.

66

John Louis Lachall, West Chester, for appellant.

Joseph W. Carroll, III, Deputy District Attorney, West Chester, for Commonwealth, appellee.

MONTGOMERY, Judge:

Appellant Paul Gary Hastings was convicted of third degree murder and possession of an instrument of crime following a jury trial before the Honorable John M. Wajert. The trial court granted appellant's Motion for a New Trial. Upon reargument before the court *en banc*, however, all post-trial motions were denied. Following sentencing, appellant filed this direct appeal. We reverse and grant appellant a new trial.

Appellant was arrested and charged with the shooting death of his wife Margaret. They had been experiencing serious marital difficulties for some time. Appellant's inability to deal with these problems necessitated psychiatric treatment, which included two commitments to Delaware State Hospital, one commitment to Sheppard Pratt Hospital, Baltimore, and two stays at private institutions. After appellant shot his wife, he turned the gun on himself, blowing away his jaw, chin, teeth, cheeks, nose and part of his tongue. Appellant did not deny shooting his wife. His defense was that, at the time of the shooting, he was insane under the *M'Naghten* test.

Appellant, through counsel, requested that the trial court explain in its instructions to the jury that, if they found him

not guilty by reason of insanity, the trial court could direct the Commonwealth to petition for appellant's commitment to a state mental institution. The trial court refused to do so and the jury found appellant guilty of third degree murder. Fifteen days after this verdict, the Supreme Court of Pennsylvania decided, in *Commonwealth v. Mulgrew*, 475 Pa. 271, 380 A.2d 349 (1977), that such an instruction is required when insanity is raised as a defense. On the basis of *Mulgrew*, Judge Wajert granted appellant's Motion for a New Trial. On reargument, the court *en banc* held that *Mulgrew* should not be applied retroactively and denied appellant's post-trial motions. We disagree and reverse.[1]

The Commonwealth first argues that appellant's failure to take a specific exception to the charge has waived this issue. We disagree. Appellant timely filed the requested point for charge and the trial court refused it. Appellant also preserved the issue in his post-trial motions. This is sufficient to preserve the issue for our review. *Commonwealth v. Williams*, 463 Pa. 370, 344 A.2d 877 (1975).

The precise issue was decided by our Supreme Court in *Commonwealth v. Brown*, 494 Pa. 380, 431 A.2d 905 (1981). In *Brown*, the Supreme Court stated:

"Because appellant's conviction was not yet final at the time *Mulgrew* was decided, . . . [he] is entitled to a new trial with an appropriate jury instruction. . . ." *Commonwealth v. Brown,* 494 Pa. 380, 382–83, 431 A.2d 905, 906 (1981).

The Commonwealth argues however that *Brown* is not applicable to the instant case. In *Brown*, unlike here, the prosecutor suggested, in his closing, that a verdict of not guilty by reason of insanity would result in putting Brown back on the street. The Commonwealth claims that the decision in *Brown* resulted from this misleading remark by

1. Because of our disposition on this issue, we do not reach the other issues raised by appellant. These are: (1) that the charge to the jury incorrectly stated that they had to find appellant *incapable* of knowing what he was doing to find him insane; and (2) that the jury should have been told they could return a "mercy" verdict of voluntary manslaughter.

68

the prosecutor.[2] The majority opinion, however, neither states nor implies that such is the case. Rather, the basis of the Court's decision is that "a court ... must apply the law as it exists at the time of its decision...." *Commonwealth v. Brown,* 494 Pa. 380, 384, 431 A.2d 905, 907 (1981). The long line of cases cited in *Brown* all stand for this proposition that, when the law is changed while a case is pending on appeal, the new law must be applied. Appellant is entitled, under *Brown,* to a new trial with the correct instruction.

Judgment of sentence vacated and case remanded for a new trial. We relinquish jurisdiction.

**2.** The Commonwealth buttresses its claim by citing the concurring opinion of Justice Nix. Since Justice Nix felt compelled to set forth this reasoning in a separate opinion, we cannot agree that it in any way formed the basis of the majority opinion.