465 A.2d 16

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**John ZOLLER.**

Superior Court of Pennsylvania.

Submitted Feb. 22, 1983.

Filed Aug. 19, 1983.

Petition for Allowance of Appeal Granted Feb. 7, 1984.

404

Thomas W. Minett, Assistant District Attorney, Beaver, for Commonwealth, appellant.

Bernard J. Rabik, Assistant Public Defender, Beaver, for appellee.

Before SPAETH, BROSKY and JOHNSON, JJ.

JOHNSON, Judge:

Appellant was arrested and charged with aggravated assault,[1] simple assault,[2] recklessly endangering another person,[3] and criminal conspiracy.[4] Trial was conducted, without a jury, before Judge Frank E. Reed. At the close of the prosecution's case, defense counsel's demurrer was sustained as to all counts. The Commonwealth here appeals from the order sustaining such demurrer.

"The test to be applied in ruling on a demurrer is whether, accepting as true all of the prosecution's evidence and all reasonable inferences therefrom, it is sufficient to support a finding by the fact finder that the defendant is guilty beyond a reasonable doubt." *Commonwealth v. Turner*, 491 Pa. 620, 622, 421 A.2d 1057, 1058 (1980) (citation omitted). See also, *Commonwealth v. Baker*, 287 Pa.Superior

1. 18 Pa.C.S. § 2702(a)(1) and (4).

2. 18 Pa.C.S. § 2701(a)(1), (2) and (3).

3. 18 Pa.C.S. § 2705.

4. 18 Pa.C.S. § 903.

Ct. 39, 429 A.2d 709 (1981). With the above standard in mind, we will proceed to review the facts of this case.

On the evening of June 27, 1980, there was a disturbance of a racial nature in the Borough of Aliquippa at approximately 10:30 p.m. Appellee, a white man, was observed participating in the disturbance, at least to the extent of shouting threatening racial slurs. At approximately 10:45 p.m. appellee was viewed with one Boyer, another white man, near the police station where a number of the above participants had been taken. They were observed in a blue pick-up truck. The two men were again seen together at about 12:00 midnight.

Shortly after 2:00 a.m. on June 28, 1980, a Mr. Sumlin, a black individual was standing outside a bar when a blue pick-up truck passed by. A witness who had seen the same truck pass by 10 minutes earlier testified that on its second pass, a shot rang out and he saw a large flash emit from the truck. Mr. Sumlin fell to the ground with a wound to his head. Defense counsel stipulated that appellee was the operator of the truck and that Boyer had fired the shot from the passenger side of the truck.

Mr. Zoller was questioned a few hours after the incident; he stated he had no knowledge of the shooting. Subsequently, he did give a statement admitting his participation. He led the police to the shotgun and the spent shell. Appellee admitted that he had gone with Boyer to get the shotgun shell but claimed he was unaware of the presence of the shotgun and Boyer's intent to use it for a criminal purpose.

The trial court in sustaining the demurrer found dispositive the testimony of two police officers. Both officers testified that appellee had told them that he had no advance warning of Boyer's intent. The court ruled that such testimony "established that Zoller had no knowledge" of the intended shooting; therefore the Commonwealth failed to demonstrate appellee's culpability. We disagree.

 In reviewing a demurrer, a court must look to the record in a light most favorable to the Commonwealth. *Commonwealth v. Danchision,* 270 Pa.Superior Ct. 112, 410 A.2d 1274 (1974). This the court below failed to do. The court not only did not view the evidence in a light favorable to the prosecution, but it also misconstrued the testimony at issue.[5] The witnesses did not testify that appellee lacked the requisite intent but stated only that appellee *claimed* he lacked such intent. When viewed favorably to the prosecution the remaining circumstantial evidence belies appellee's claim of ignorance. Zoller and Boyer were viewed together at various times; Zoller had shouted racial threats; he went with Boyer to obtain a shotgun shell, knowing that Boyer intended to get the shell; and he drove the truck. It was not reasonable to infer that appellee was not an accomplice or conspirator, merely because he claimed not to be such.

 In situations where two or more people are involved in a shooting and it is demonstrated that they acted in concert or collusion, the Commonwealth need not demonstrate who actually fired the weapon. All such actors are criminally responsible as accomplices or co-conspirators. *Commonwealth v. Wilson,* 493 Pa. 332, 426 A.2d 575 (1981); *Commonwealth v. Bradley,* 481 Pa. 223, 392 A.2d 688 (1978); *Commonwealth v. Leach,* 455 Pa. 448, 317 A.2d 293 (1974); and *Commonwealth v. Reardon,* 297 Pa.Superior Ct. 193, 443 A.2d 792 (1981). Therefore, the demurrer in the case at hand was improperly sustained as to all charges.

However, having found that the trial court erred, we are nonetheless unable to afford the Commonwealth the relief requested. Up until July 8, 1983 we would have encountered no difficulty in remanding for further proceedings. On that date *Commonwealth v. Smalis,* Pa.Super.,

---

**5.** Had the court assessed the credibility of the witnesses then this court could not review the grant of the demurrer as such would have been a defacto judgment of acquittal. *Commonwealth v. Wimberly,* 488 Pa. 169, 411 A.2d 1193 (1979).

—— A.2d —— (filed July 8, 1983) was filed; such decision no longer allows such relief.

■ *Smalis* held that "the Pennsylvania rule permitting the Commonwealth to appeal from an order sustaining a demurrer contravenes the Double Jeopardy Clause." (slip op. at pp. 10–11) (footnote omitted). The court found that a demurrer was analogous to an acquittal; since the prosecution cannot appeal from a verdict of acquittal, it may not appeal from the sustaining of a demurrer. The current direct appeal was pending at the time *Smalis* was filed and accordingly appellee is entitled to the benefit of such decision.[6] *Commonwealth v. Hernandez,* 498 Pa. 405, 446 A.2d 1268 (1982); *Commonwealth v. Hastings,* 301 Pa.Super. 65, 446 A.2d 1337 (1982). Bound by such precedent, we must quash the appeal.

Appeal quashed.

____

6. As this issue goes to this court's lack of jurisdiction, we may raise it sua sponte. We need not depend on appellee to file a motion to quash. *Commonwealth v. Maurizio,* 496 Pa. 584, 589 n. 3, 437 A.2d 1195, 1196 n. 3 (1981). See also *Borough of West Chester v. Fal,* 493 Pa. 387, 426 A.2d 603 (1981) (concurring opinion by Roberts, J.).