J-S37022-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JAMES H. MILLS | |
| Appellant | No. 1803 MDA 2013 |

Appeal from the Judgment of Sentence entered September 10, 2013
In the Court of Common Pleas of Dauphin County
Criminal Division at No: CP-22-CR-0001318-2013

BEFORE: LAZARUS, STABILE, and MUSMANNO, JJ.

MEMORANDUM BY STABILE, J.:          **FILED NOVEMBER 13, 2014**

James H. Mills appeals from the judgment of sentence entered for his guilty plea to robbery. Appellant argues that the trial court's imposition of a mandatory minimum sentence is illegal under ***Alleyne v. United States***, 133 S. Ct. 2151 (2013). This case is controlled by this Court's recent decision in ***Commonwealth v. Valentine***, 2014 PA Super 220, 2014 WL 4942256, 2014 Pa. Super. LEXIS 3420 (filed Oct. 2, 2014), which declared unconstitutional the mandatory minimum sentencing statute used in this case. Therefore, we are constrained to vacate and remand for resentencing.

On January 23, 2013, Appellant approached a woman on a Harrisburg street and demanded money. When she told Appellant she had none, Appellant placed an object against her back, said it was a gun, and forced her toward an ATM machine. Two nearby off-duty police officers foiled

Appellant's plan. After a brief foot chase, the officers apprehended Appellant and discovered that his "gun" was a pair of wire snips.

On September 10, 2013, Appellant pled guilty to one count of robbery, graded as a first-degree felony, 18 Pa.C.S.A. § 3701(a)(1)(ii). During the guilty plea colloquy, Appellant admitted that a mandatory five-year sentence applied because he committed a crime of violence while using a replica of a firearm that placed the victim in reasonable fear of death or serious bodily injury. *See* N.T., 9/10/13, at 4-7, 10. The trial court accepted the guilty plea, and sentenced Appellant to five to ten years in prison, applying the mandatory minimum sentence at 42 Pa.C.S.A. § 9712(a) requested by the Commonwealth. This appeal followed.

Appellant raises one issue for our review:

> Whether the trial court erred in imposing a mandatory minimum sentence pursuant to 42 Pa.C.S.A. § 9712, since, under the United States Supreme Court's ruling in *Alleyne v. United States*, 133 S. Ct. 2151 (2013), imposing a mandatory minimum sentence under 42 Pa.C.S.A. § 9712 is unconstitutional?

Appellant's Brief at 4 (typeface altered). Although Appellant admitted to using wire snips to simulate a firearm, he argues that § 9712 is facially unconstitutional.[1] We agree, as *Valentine*, *supra*, is directly on-point.

_____

[1] A challenge to the legality of a sentence is a question of law, which we review *de novo*. *Commonwealth v. Delvalle*, 74 A.3d 1081, 1087 (Pa. Super. 2013).

*(Footnote Continued Next Page)*

*Valentine* applies *Alleyne*, in which the Supreme Court of the United States held:

> [a]ny fact that, by law, increases the penalty for a crime is an "element" that must be submitted to the jury and found beyond a reasonable doubt. Mandatory minimum sentences increase the penalty for a crime. It follows, then, that any fact that increases the mandatory minimum is an "element" that must be submitted to the jury.

*Alleyne*, 133 S. Ct. at 2155 (internal citation omitted). *Alleyne* is grounded in the Sixth Amendment right to a jury trial. *Id.* at 2163-64 (holding that the use of judge-found facts violated the defendant's Sixth Amendment rights).

This Court has struggled to apply *Alleyne*, because many of Pennsylvania's mandatory minimum sentencing statutes include language now found to be unconstitutional. *See Commonwealth v. Watley*, 81 A.3d 108, 117 (Pa. Super. 2013) (*en banc*) (dicta) ("[*Alleyne*], therefore, renders those Pennsylvania mandatory minimum sentencing statutes that do not pertain to prior convictions constitutionally infirm insofar as they permit

*(Footnote Continued)* ————————

Appellant did not challenge the legality of his sentence before the trial court—even though his guilty plea and sentencing date occurred three months **after** *Alleyne* was decided. We must nevertheless address Appellant's contention, because a challenge to the application of a mandatory minimum sentence—including a challenge under *Alleyne*—is a non-waivable challenge to the legality of the sentence. *Commonwealth v. Thompson*, 93 A.3d 478, 494 (Pa. Super. 2014). *But cf. Commonwealth v. Johnson*, 93 A.3d 806, 806 (Pa. 2014) (granting *allocatur* to consider, *inter alia*, "[w]hether challenge to a sentence pursuant to [*Alleyne*] implicates the legality of the sentence and is therefore non-waivable").

a judge to automatically increase a defendant's sentence based on a preponderance of the evidence standard.") (footnote omitted). The sentencing statute in this case is an example:

> **(a) Mandatory sentence.--**Except as provided under [42 Pa.C.S.A. §] 9716 (relating to two or more mandatory minimum sentences applicable), any person who is convicted in any court of this Commonwealth of a crime of violence as defined in [**id.** §] 9714(g) (relating to sentences for second and subsequent offenses), shall, if the person visibly possessed a firearm or a replica of a firearm, whether or not the firearm or replica was loaded or functional, that placed the victim in reasonable fear of death or serious bodily injury, during the commission of the offense, be sentenced to a minimum sentence of at least five years of total confinement notwithstanding any other provision of this title or other statute to the contrary. Such persons shall not be eligible for parole, probation, work release or furlough.

> **(b) Proof at sentencing.--**Provisions of this section shall not be an element of the crime and notice thereof to the defendant shall not be required prior to conviction, but reasonable notice of the Commonwealth's intention to proceed under this section shall be provided after conviction and before sentencing. The applicability of this section shall be determined at sentencing. The court shall consider any evidence presented at trial and shall afford the Commonwealth and the defendant an opportunity to present any necessary additional evidence and shall determine, by a preponderance of the evidence, if this section is applicable.

42 Pa.C.S.A. § 9712 (subsections (c)-(e) omitted).

In **Commonwealth v. Newman**, 2014 PA Super 178, 2014 WL 4088805, at *15, 2014 Pa. Super. LEXIS 2871, at *40 (filed Aug. 20, 2014) (*en banc*), we declared 42 Pa.C.S.A. § 9712.1[2] wholly unconstitutional. In

---

[2] 42 Pa.C.S.A. § 9712.1 required a five-year mandatory minimum sentence for drug trafficking crimes committed while in actual or constructive possession of a firearm in close proximity to the drugs.

*Newman*, we we found that the "enforcement arm" of the statute, 42 Pa.C.S.A. § 9712.1(c), was inseparable from the "predicate arm," 42 Pa.C.S.A. § 9712.1(a), which delineated the facts triggering the mandatory sentence. *Newman*, 2014 WL 4088805, at *13-14, 2014 Pa. Super. LEXIS 2871, at *31-33. Thus, because the inseparable enforcement arm violated *Alleyne*, we found the entire statute unconstitutional. *Id.*, 2014 Pa. Super. LEXIS 2871, at *31-33.

*Valentine* extends *Newman* to the statute at issue here, 42 Pa.C.S.A. § 9712, which has an identical "enforcement arm" as § 9712.1. *Valentine*, 2014 WL 4942256, at *7-8, 2014 Pa. Super. LEXIS 3420, at *17-21. Moreover, *Valentine* rejects the harmless error analysis employed in *Watley* that saved the imposition of a mandatory sentence in that case. *Id.* at *9 n.4, 2014 Pa. Super. LEXIS 3420, at *23 n.9 (acknowledging *Watley*, but adhering "to our decision in *Newman* which concluded that the entirety of the mandatory minimum sentencing statute must be stricken as unconstitutional").

In *Valentine*, the defendant received a five-year mandatory sentence because he robbed a woman at gunpoint on a city bus. *Valentine*, 2014 WL 4942256, at *1, 2014 Pa. Super. LEXIS 3420, at *2-3. At his trial, the jury, through special interrogatories, found the facts necessary to trigger

application of 42 Pa.C.S.A. §§ 9712 and 9173.[3]   *Valentine*, 2014 WL 4942256, at *1, 2014 Pa. Super. LEXIS 3420, at *3-4.  Even though the jury found beyond a reasonable doubt the triggering facts, we held that the mandatory sentences could not be applied.   Rather, the statutes implementing the mandatory sentence were wholly unconstitutional:

> Here, the trial court permitted the jury, on the verdict slip, to determine beyond a reasonable doubt whether Appellant possessed a firearm that placed the victim in fear of immediate serious bodily injury in the course of committing a theft for purposes of the mandatory minimum sentencing provisions of 42 Pa.C.S.A. § 9712(a), and whether the crime occurred in whole or in part at or near public transportation, for purposes of the mandatory minimum sentencing provisions of 42 Pa.C.S.A. § 9713(a).   The jury responded "yes" to both questions.   In presenting those questions to the jury, however, we conclude, in accordance with *Newman*, that the trial court performed an impermissible legislative function by creating a new procedure in an effort to impose the mandatory minimum sentences in compliance with *Alleyne*.
>
> The trial court erroneously presupposed that only Subsections (c) of both 9712 and 9713 (which permit a trial judge to enhance the sentence based on a preponderance of the evidence standard) were unconstitutional under *Alleyne*, and that Subsections (a) of 9712 and 9713 survived constitutional muster.   By asking the jury to determine whether the factual prerequisites set forth in § 9712(a) and § 9713(a) had been met, the trial court effectively determined that the unconstitutional provisions of § 9712(c) and § 9713(c) were severable.   Our decision in *Newman* however holds that the unconstitutional provisions of § 9712(c) and § 9713(c) are not severable but "essentially and inseparably connected" and that

_____

[3] 42 Pa.C.S.A. § 9713 required a five-year mandatory minimum sentence for crimes of violence committed in or near public transportation. Section 9713 contains an identical "enforcement arm" as §§ 9712 and 9712.1.

the statutes are therefore unconstitutional as a whole. [**Newman**, 2014 WL 4088805, at *13-14, 2014 Pa. Super. LEXIS 2871, at *34-35]. ("If Subsection (a) is the predicate arm . . . then Subsection (c) is the enforcement arm. Without Subsection (c), there is no mechanism in place to determine whether the predicate of Subsection (a) has been met.").

* * *

Because **Alleyne** and **Newman** render §§ 9712 and 9713 unconstitutional, we vacate the judgment of sentence and remand for the re-imposition of sentence without consideration of any mandatory minimum sentence as provided by §§ 9712 and 9713.

**Id.** at *8-9.

**Valentine** applies to Appellant's case. First, it applies because Appellant's judgment of sentence is not final, and the general rule is to apply the law in effect at the time of the appellate decision. **Commonwealth v. Housman**, 986 A.2d 822, 840 (Pa. 2009). Second, a statute declared unconstitutional is generally void *ab initio*. "An unconstitutional statute is ineffective for any purpose since its unconstitutionality dates from the time of its enactment and not merely from the date of the decision holding it so." **Commonwealth v. Michuck**, 686 A.2d 403, 407 (Pa. Super. 1996) (quoting **Commonwealth v. Brown**, 431 A.2d 905, 907-08 (Pa. 1981)); **see also Commonwealth v. Muhammed**, 992 A.2d 897 (Pa. Super. 2010) (vacating a conviction under 18 Pa.C.S.A. § 4119 (trademark counterfeiting), because the statute was declared unconstitutional after the date of conviction).

Because § 9712 is void, there is no statutory authorization for the mandatory minimum sentence imposed here. "If no statutory authorization

exists for a particular sentence, that sentence is illegal and subject to correction." ***Commonwealth v. Clarke***, 70 A.3d 1281, 1284 (Pa. Super. 2013) (quotation omitted); ***see also Commonwealth v. Randal***, 837 A.2d 1211, 1214 (Pa. Super. 2003) (*en banc*) (concluding that a Supreme Court decision declaring unconstitutional ignition interlock law required vacation of defendant's sentence, even though defendant was sentenced before declaration of unconstitutionality). We recognize that Appellant admitted the fact triggering § 9712 and conceded that it applied, but a defendant cannot agree to serve an illegal sentence. ***Commonwealth v. Gentry***, --- A.3d ---, 2014 PA Super 219 2014 WL 4942271, at *4, 2014 Pa. Super. LEXIS 3421, at *12 (filed Oct. 3, 2014) ("Our cases clearly state that a criminal defendant cannot agree to an illegal sentence, so the fact that the illegality was a term of his plea bargain is of no legal significance.").

In light of ***Valentine***, 42 Pa.C.S.A. § 9712 is void, and no statutory basis exists to sentence Appellant to a mandatory minimum of five years in prison. Accordingly, we vacate Appellant's sentence and remand for resentencing without consideration of § 9712.[4]

---

[4] The unconstitutionality of § 9712 does not affect the trial court's discretion to impose any other lawful sentence. ***See Alleyne***, 133 S. Ct. at 2163 ("We have long recognized that broad sentencing discretion, informed by judicial factfinding, does not violate the Sixth Amendment."); ***Commonwealth v. Buterbaugh***, 91 A.3d 1247, 1270 n.10 (Pa. Super. 2014) (*en banc*) (noting that ***Alleyne*** does not affect a trial court's ability to deviate from the Sentencing Guidelines).

Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>11/13/2014</u>