J-S48044-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MONTEL FAIRFAX | |
| Appellant | No. 635 WDA 2015 |

Appeal from the PCRA Order of March 23, 2015
In the Court of Common Pleas of Fayette County
Criminal Division at No.: CP-26-CR-0000390-2005

BEFORE:  PANELLA, J., DONOHUE, J., and WECHT, J.

MEMORANDUM BY WECHT, J.:                    **FILED OCTOBER 27, 2015**

Montel Fairfax appeals the order denying his petition under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541, *et seq.*  He contends that the PCRA court should not have evaluated his petition under the PCRA or applied that act's jurisdictional timeliness requirements.  We affirm.

On November 15, 2005, the trial court sentenced Fairfax to an aggregate ten to twenty years' imprisonment for two counts each of rape of a child, aggravated indecent assault, indecent assault, and corruption of minors.[1]  On November 21, 2006, this Court affirmed his judgment of sentence.  ***See Commonwealth v. Fairfax***, 2123 WDA 2005

_____

[1]  ***See*** 18 Pa.C.S. §§ 3121(c), 3125(a)(7), 3126(a)(7), and 6301(a)(1), respectively.  The facts underlying these convictions are immaterial to our disposition.

(Pa. Super. Nov. 21, 2006). On May 17, 2007, our Supreme Court denied Fairfax's petition for allowance of appeal. **See Commonwealth v. Fairfax**, 923 A.2d 1173 (Pa. 2007) (*per curiam*). Fairfax did not appeal to the United States Supreme Court. In the years that followed, Fairfax filed several petitions for collateral relief from his judgment of sentence, of which the instant petition is the most recent. Fairfax characterizes the instant petition as a "hybrid" petition, seeking relief under the PCRA or common-law *habeas corpus*. The PCRA court, treating the instant petition as one filed under the PCRA, denied it as untimely and subject to no applicable exception to the PCRA's jurisdictional time limit.

At issue is the trial court's alleged imposition of a mandatory minimum sentence pursuant to 42 Pa.C.S. § 9718.[2] As Fairfax correctly notes, this Court held section 9718 unconstitutional in **Commonwealth v. Wolfe**, 106 A.3d 800 (Pa. Super. 2014), based upon the United Supreme Court's holding in **Alleyne v. United States**, 133 S.Ct. 2151 (U.S. 2013). Fairfax also

---

[2] The PCRA court asserts that Fairfax was not sentenced pursuant to a mandatory sentence under section 9718, which would render Fairfax's petition moot without regard to the substance of his claims, had we jurisdiction to consider them. However, because we must assess our jurisdiction first, and because we conclude, for the reasons that follow, that we lack jurisdiction, we need not address whether the trial court in fact imposed a mandatory sentence. That being said, the trial court's imposition only of consecutive five to ten-year sentences for each count of rape of a child would be at odds with the mandatory sentence associated with that crime under then-viable section 9718, which called for a ten-year mandatory minimum sentence for that crime. **See** 42 Pa.C.S. § 9718(a)(3) (imposing a ten-year mandatory sentence for rape of a child).

notes that our Supreme Court has granted allowance of appeal to address this Court's decision in **Wolfe**. **Commonwealth v. Wolfe**, 63 MAL 2015, 2015 WL 4755651 (Pa. Aug. 12, 2015) (*per curiam*). The Court's resolution of that case remains pending.

As set forth at length, *infra*, the PCRA contains strict jurisdictional time limits. Fairfax does not dispute this fact, and indeed makes no effort to argue that his facially untimely petition warrants the benefit of any of the exceptions that might extend the time during which Fairfax could seek collateral relief. Instead, his arguments are based solely upon the premise that his petition is more properly understood as seeking relief under principles of *habeas corpus* or *coram nobis*. We begin by addressing his arguments in this regard.

First, it is well-settled that "the PCRA is intended to be the sole means of achieving post-conviction relief." **Commonwealth v. Taylor**, 65 A.3d 462, 465 (Pa. Super. 2013). Thus, "[u]nless the PCRA could not provide for a potential remedy, the PCRA subsumes the writ of *habeas corpus*," and "[i]ssues that are cognizable under the PCRA must be raised in a timely PCRA petition and cannot be raised in a *habeas corpus* petition." **Id.** at 465-66. In short, "a defendant cannot escape the PCRA time-bar by titling his petition or motion as a writ of *habeas corpus*." **Id.** at 466.

The question we face, then, is whether Fairfax's substantive claims are cognizable under the PCRA. Although we have found certain prayers for collateral relief not to be cognizable under the PCRA, we have never done so

- 3 -

in a PCRA case involving the illegality of a sentence.  ***See, e.g.,***
***Commonwealth v. West***, 938 A.2d 1034 (Pa. 2007) (due process
challenge to lengthy delay between sentence and incarceration not
cognizable under PCRA); ***Commonwealth v. Judge***, 916 A.2d 511
(Pa. 2007) (invocation of international agreement as bar to deportation not
cognizable under PCRA); ***Commonwealth v. Masker***, 34 A.3d 41
(Pa. Super. 2011) (*en banc*) (SVP classification challenge not cognizable
under PCRA); ***Commonwealth v. Partee***, 86 A.3d 245 (Pa. Super. 2014)
(challenge to retroactive application of Megan's Law not cognizable).

The essence of Fairfax's claim is that ***Alleyne***, *supra*, rendered his
sentence illegal.  ***See Commonwealth v. Miller***, 102 A.3d 988, 995
(Pa. Super. 2014) ("[A]n issue pertaining to ***Alleyne*** goes to the legality of
the sentence.").  The PCRA specifically "provides for an action by which . . .
persons serving illegal sentences may obtain collateral relief."  42 Pa.C.S.
§ 9542.  Thus, contrary to Fairfax's contention that the instant case presents
an issue that is not cognizable under the PCRA, his ***Alleyne***-related claim
appears on its face to be cognizable under the PCRA.

Fairfax's first argument to the contrary invokes our determination in
***Wolfe*** that section 9718 is unconstitutional.  Fairfax argues that ***Wolfe***
renders that statute void *ab initio*, which he contends has retroactive effect
as a matter of law under the circumstances of this case.  ***See*** Brief for
Fairfax at 18-23.  Fairfax's argument is well researched, but unavailing.
Critically, the case law upon which he relies involves cases in which this

Court found that it lacked authority to enforce a law that was held to be unconstitutional **during the pendency of a direct appeal**. *See, e.g., Commonwealth v. Michuk*, 686 A.2d 403 (Pa. Super. 1996). Fairfax cites *Commonwealth v. Brown*, 431 A.2d 905 (Pa. 1981), in support of his argument, but *Brown*, in fact, hints at why this principle applies differently in the context of a direct appeal than in PCRA proceedings. In that case, citing *United States v. Schooner Peggy*, 5 U.S. (1 Cranch) 103 (1801), our Supreme Court reaffirmed the principle that an appellate court "does not have power to enforce a law which is no longer valid but rather must apply the law as it exists at the time of its decision." *Brown*, 431 A.2d at 907 (quoting *Schooner Peggy*, 5 U.S. at 110). However, our Supreme Court went on to elaborate upon the foundation of that principle in a way that distinguishes direct appellate proceedings from those seeking collateral relief: "[I]t is unfair to litigants **whose case is not yet final** to subject them to a law that is now recognized as offensive. Evenhanded decision-making requires that **similarly situated individuals on direct appeal** be treated the same." *Id.* at 908 (quoting *Commonwealth v. Hill*, 422 A.2d 491, 499 (Pa. 1980)) (emphasis added). Notably, the Supreme Court later eschewed the *per se* overtones of *Brown*, expressly "disavow[ing] the stated holding in [*Schooner Peggy*] embracing a *per se* application of the *Schooner Peggy* doctrine," and endorsing in its place a "balancing approach," in which "the litigant's interest in securing the benefit of the change must be considered in conjunction with the purposes intended to be

accomplished by the change and the impact of a retrospective application upon the system." ***Commonwealth v. Geschwendt***, 454 A.2d 991, 999 (Pa. 1982).

This Court expressly has held that retroactivity applies differently on direct appeal than it does on PCRA review. In ***Commonwealth v. Riggle***, 119 A.3d 1058 (Pa. Super. July 7, 2015), this Court held as follows:

> The seminal test in determining whether a constitutional rule warrants retroactive application during collateral review was delineated in ***Teague v. Lane***, 489 U.S. 288 (1989) (plurality), which was subsequently adopted by a majority of [our] Supreme Court. ***See Commonwealth v. Lesko***, 15 A.3d 345, 363 (Pa. 2011) (citing ***Butler v. McKellar***, 494 U.S. 407 (1990)). "Under the ***Teague*** framework, an old rule applies both on direct and collateral review, but a new rule is generally applicable only to cases that are still on direct review. A new rule applies retroactively in a collateral proceeding only if (1) the rule is substantive or (2) the rule is a 'watershed rule of criminal procedure' implicating the fundamental fairness and accuracy of the criminal proceeding." ***Whorton v. Bockting***, 549 U.S. 406, 416 (2007) (internal citations omitted).

***Riggle***, 119 A.3d at \_\_\_ (citations modified). Furthermore, there is no question that ***Alleyne*** constituted a new rule, insofar as it overruled prior precedent. ***Id.*** And in ***Riggle***, this Court went on to hold that the ***Alleyne*** ruling was neither substantive, nor did it constitute a watershed procedural rule. ***Id.***[3] Thus, we are bound to our prior holding that ***Alleyne*** is not entitled to retroactive effect.

_____

[3] For this reason, we reject Fairfax's various citations of cases in which a criminal conviction or sentence was rendered unconstitutional by case law

*(Footnote Continued Next Page)*

As noted, it is not in question that the imposition of a mandatory sentence under section 9718 goes to the legality of sentence, and, indeed, renders the sentence illegal. **See Miller**, *supra*. However, the law is equally clear that challenges to the legality of sentence are cognizable under the PCRA, and therefore subject to its strictures. **See** 42 Pa.C.S. § 9542. Thus, Fairfax's contention that he is entitled to *habeas corpus* or other non-PCRA relief on these grounds is unavailing.

In light of this controlling case law, Fairfax's other arguments also must fail. Fairfax's argument that he is entitled to non-PCRA relief because "[a] trial court maintains its inherent powers and powers of equity over its judgments[,] which authorize it to correct patent errors and invalid judgments," Brief for Fairfax at 23, is based upon a series of constitutional and statutory citations addressing varying aspects of judicial powers, none of which suggests that a common pleas court has the authority to reopen and vacate old convictions or sentences at whim in the event of a new constitutional ruling. Such a power manifestly would undermine the finality of judgments and lead to rampant inequity between and among similarly situated individuals convicted of crimes by the courts of the Commonwealth. Rather, the provisions he cites largely concern the Supreme Court's and the

*(Footnote Continued)* ───────────────

issued before the defendant's judgment of sentence became final, *i.e.*, before the defendant had exhausted his channels for direct appellate review. **See, e.g., Commonwealth v. Demor**, 691 A.2d 958 (Pa. Super. 1997).

common pleas courts' rule-making authority and their prerogatives to act to ensure the fulfillment of their orders and judgments, neither of which is implicated in this case. **See id.** at 23 (citing Pa. Const. art. V § 5(b); 42 Pa.C.S. §§ 323, 502, 912, 931, 1722).

In Fairfax's remaining argument, he maintains in so many words that any time the PCRA cannot afford relief for any given claim, that claim must be permitted to proceed under the common-law writ of *habeas corpus*. **See id.** at 32-35. In effect, Fairfax simply argues redundantly that this case is analogous to **West**; **Judge**; **Masker**; **Partee**, *supra*. However, Fairfax's claim on its face is neither *sui generis* in the way that those cases were nor categorically excluded from the confines of the PCRA; to the contrary, sentence illegality, on constitutional grounds or otherwise, long has been addressed within the scope of the PCRA. Thus, Fairfax has failed to establish that he is entitled to relief by any means other than the PCRA.

We have held in no uncertain terms that, despite the fact that a challenge to the legality of sentence cannot be waived, the PCRA's time limits nonetheless apply to such challenges. **See Commonwealth v. Fowler**, 930 A.2d 586, 592 (Pa. Super. 2007). Thus, a PCRA court "may entertain a challenge to the legality of the sentence so long as the court has jurisdiction to hear the claim. In the PCRA context, jurisdiction is tied to the filing of a timely PCRA petition." **Id.** (citations and internal quotation marks omitted).

The PCRA time limits are jurisdictional, and must be strictly construed, regardless of the potential merit of the claims asserted. *Commonwealth v. Leggett*, 16 A.3d 1144, 1145 (Pa. Super. 2011); *Commonwealth v. Murray*, 753 A.2d 201, 202-03 (Pa. 2000), *abrogated on other grounds by Commonwealth v. Brown* 943 A.2d 264 (Pa. 2008). "[N]o court may properly disregard or alter [these filing requirements] in order to reach the merits of the claims raised in a PCRA petition that is filed in an untimely manner." *Murray*, 753 A.2d at 203; *see Commonwealth v. Gamboa-Taylor*, 753 A.2d 780, 783 (Pa. 2000).

Despite facial untimeliness, a tardy PCRA petition nonetheless will be considered timely if (but only if) the petitioner pleads and proves one of the following three exceptions to the one-year time limit enumerated in subsection 9545(b) of the PCRA:

> (i)     the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii)     the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii)     the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1). When an appellant files a facially untimely petition under the PCRA, and fails to plead and prove one or more of the exceptions to the PCRA's one-year jurisdictional time limit, the petition is untimely and we must deny relief. *Gamboa-Taylor*, 753 A.2d at 783.

Fairfax's petition is untimely on its face, which he does not contest.[4] Furthermore, although he styled his original petition in the PCRA court as a "hybrid petition" seeking relief under the PCRA or via the writ of *habeas corpus*, before this Court he has impliedly conceded that he is time-barred under the PCRA by seeking relief only through his invocation of *habeas corpus*. Fairfax has not pleaded, let alone established, the application of any of the PCRA's timeliness exceptions. Consequently, he has waived any such claim, *see Lesko*, 15 A.3d at 360, and this Court lacks jurisdiction to entertain his appeal on the merits.

Order affirmed.

_____

[4] On May 17, 2007, our Supreme Court denied Fairfax's petition for allowance of appeal. *See Fairfax*, 923 A.2d 1173. Fairfax did not seek review in the United States Supreme Court. Therefore, his judgment of sentence became final ninety days after our Supreme Court denied review, on August 15, 2007. *See* 42 Pa.C.S. § 9545(b)(3) ("[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review."); U.S.Sup.Ct. Rule 13.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:   10/27/2015