632 A.2d 897

Rose Ann RAFTER, Adm. of the Estate of Robert J. Rafter, Deceased, and Rose Ann Rafter, in Her Own Right

v.

RAYMARK INDUSTRIES, INC., GAF Corporation, H.K. Porter, Southern Textile Corp., Eagle–Picher Industries, Inc., Pacor, Inc., Keene Corporation, Garlock, Inc., Pittsburgh Corning Corp., Owens–Corning Fiberglas Corp., Armstrong World Industries, Fibreboard Corporation, Forty–Eight Insulations, Inc., and Nicolet Industries, Inc.

Appeal of KEENE CORPORATION.

Oliver TUZI and Alice Tuzi

v.

RAYMARK INDUSTRIES, INC., Owens–Corning Fiberglas Co., Pittsburgh Corning Corp., Celotex Corp., GAF Corp., Southern Textile Co., Eagle–Picher Industries, Keene Corporation, Owens–Illinois Glass Co., H.K. Porter Co., Inc., Garlock, Inc., Armstrong World Industries Inc., Fibreboard Corp., Forty–Eight Insulations, Inc., and Nicolet Industries, Inc.

Appeal of KEENE CORPORATION.

Superior Court of Pennsylvania.

Submitted March 9, 1993.

Filed Oct. 28, 1993.

362

Bruce H. Bikin, Philadelphia, for appellant.

Stephen W. Wilson, Philadelphia, for appellees.

Before CAVANAUGH, JOHNSON and HOFFMAN, JJ.

HOFFMAN, Judge:

This is a consolidated appeal from the July 28 and August 21, 1992 orders denying appellant's, Keene Corporation, motions for judgment n.o.v., new trial and/or remittitur and affirming the jury verdicts in favor of appellees, Rose Ann Rafter (deceased) and Alice Tuzi (deceased), and awarding appellees delay damages. Appellant presents the following questions for our review:

> 1. Did the lower court err in ruling on certain objections regarding expert medical testimony which rulings were prejudicial to Keene Corporation?
>
> 2. Did the lower court err on charging the jury on the issue of substantial contributing factor and the role that plaintiff Tuzi's tuberculosis played in causing his lung cancer?
>
> 3. Did the lower court err in failing to remit the amounts of the judgments for plaintiffs?

Appellant's Brief at 3. For the reasons set forth below, we affirm.

Both appellee-Rafter (hereinafter "Rafter") and appellee-Tuzi (hereinafter "Tuzi") filed separate complaints on April 19, 1983 and March 14, 1983 respectively, against appellant and other defendants seeking to recover for injuries arising out of their occupational exposure to asbestos. On January 6–14, 1992, a consolidated jury trial on damages was held.[1] The jury found that Rafter suffered $181,000 in damages and that Tuzi suffered $605,000 in damages, as a result of their occupational asbestos exposure. Pursuant to its stipulation of liability, appellant was found liable to Rafter for ⅙ of the award of $181,000 or $30,166.07 and to Tuzi for ⅕ of the award of $605,000 or $121,000. Additionally, the trial court awarded Rafter and Tuzi delay damages in the amount of $26,184.49

---

1. The trial was in reverse bifurcated form, meaning that the issue of damages was tried before the issue of liability. Appellant entered into a liability sharing agreement with the other defendants where it agreed to be liable for ⅙ of any verdict entered in favor of appellee-Rafter and ⅕ of any verdict entered in favor of appellee-Tuzi. Hence, the liability portion of the trial never occurred and appellant challenges only the verdict regarding damages.

and \$116,503.33, respectively, against appellant. Post-trial motions were filed and denied. This timely appeal followed.

## I.

Appellant first claims that the trial court erred in permitting prejudicial hearsay medical testimony to be considered by the jury and to apply the rules regarding such testimony unevenly among the parties. Appellant points to several incidents of error which we will address in seriatim.

Appellant first objects to certain testimony of Rafter's expert witness, Dr. Daniel DuPont. Specifically, appellant contends that Dr. DuPont's testimony regarding a report made by a Dr. Atkinson was inadmissible hearsay. We disagree. Preliminarily, we point out that "[t]he admission of expert testimony is a matter for the discretion of the trial court and will not be remanded, overruled or disturbed unless there was a clear abuse of discretion." *Estate of Pew*, 409 Pa.Super. 417, 424, 598 A.2d 65, 69 (1991) (citation omitted), *appeal denied*, 530 Pa. 645, 607 A.2d 255 (1992). As appellant correctly states in its brief, "[h]earsay evidence is defined as in-court evidence of an out-of-court declaration, whether oral or written, which is offered to show the truth of the out-of-court assertion." *Kemp v. Qualls*, 326 Pa.Super. 319, 327, 473 A.2d 1369, 1373 (1984) (citation omitted).

In summarizing the materials reviewed in forming his opinion, Dr. DuPont stated that he examined an independent report issued by Dr. Atkinson. After a careful review of Dr. DuPont's testimony, however, we can find no mention by Dr. DuPont of the contents of Dr. Atkinson's report. *See* Videotaped Deposition of Dr. DuPont, 1–7–92, at 6–9, 11. Accordingly, we find no basis for appellant's assertion of hearsay and appellant's claim must fail.

Appellant next contends that the trial court erred in failing to allow appellant's expert, Dr. Epstein, to state that certain x-rays taken of Tuzi were read by a Dr. Promisloff as exhibiting "scar tissue formation with calcium deposited in the

scar tissue at the top of both sides of the chest." [2]   Videotaped Deposition of Dr. Epstein, 1–8–92, at 31–32.   Appellant argues that although this testimony was hearsay evidence, it should not have been excluded from evidence.   We disagree.

In support of this claim, appellant points to this court's holding in *Primavera v. Celotex Corp.*, 415 Pa.Super. 41, 608 A.2d 515 (1992), *appeal denied,* 533 Pa. 641, 622 A.2d 1374 (1993), where we restated the long standing principal that "medical experts are permitted to express opinions which are based, in part, upon reports which are not in evidence, but which are customarily relied upon by experts in the profession." *Id.* at 47, 608 A.2d at 518 (footnote omitted).   However, this court also emphasized that "[a]n 'expert' should not be permitted simply to repeat another's opinion or data without bringing to bear on it his own expertise and judgment." *Id.* at 52, 608 A.2d at 521.   Here, Dr. Epstein never stated that he relied upon the conclusions of Dr. Promisloff in forming his opinion. *See* Videotaped Deposition of Dr. Epstein at 34–35. Accordingly, the *Primavera* exception does not apply and this claim must also fail.

Appellant next contends that it was error for the trial court to allow counsel for Tuzi's recitation of the out of court opinions of Dr. Hikon Chon, Dr. Elliott C. Schull and Dr. Sokolowski in cross-examining Dr. Epstein.   We disagree.

Appellant first contends that the trial court erred in over-ruling its objection to counsel for Tuzi's cross-examination of Dr. Epstein regarding an x-ray of Tuzi taken by a Dr. Chon. *See* Videotaped Deposition of Dr. Epstein at 57–58.   We disagree.

█   Preliminarily, we point out that "the scope and limits of cross-examination are within the trial court's discretion and the court's ruling thereon will not be reversed in the absence of a clear abuse of discretion or an error of law." *Kemp* 326 Pa.Super. at 324, 473 A.2d at 1371 (1984) (citation omitted).

2.   Dr. Epstein argued that the calcium deposits were evidence that Tuzi's cancer was caused by tuberculosis rather than asbestos exposure. *See* Videotaped Deposition of Dr. Epstein at 43.

The right of cross-examination "includes the right to examine the witness on any facts tending to refute inferences or deductions arising from matters the witness testified to on direct examination." *Id.* Moreover, where a medical expert is cross-examined concerning reports or records which have not been admitted into evidence but which would tend to refute that expert's assertion, it is not an abuse of discretion for the trial court to allow this cross-examination. *Id.* at 324–25, 473 A.2d at 1371.

■ On direct examination, Dr. Epstein stated that he had reviewed "all of [Tuzi's] x rays dating back almost 20 years and [he] saw no evidence of an asbestos-related change in his chest." Videotaped Deposition of Dr. Epstein at 52. On cross-examination, counsel for Tuzi questioned Dr. Epstein about an x-ray of Tuzi taken by a radiologist, Dr. Chon, who reported that the x-ray showed bilateral pleural thickening on Tuzi's lungs.[3] Clearly, when a medical expert reviews an x-ray in preparation for his testimony at trial, any reports prepared by the radiologist who took the x-ray could be expected to have some bearing or impact on that expert's findings. Here, however, Dr. Epstein failed to review Dr. Chon's report which stated that at least one of Tuzi's x-rays did show an asbestos-related change.[4] Thus, Counsel's cross-examination of Dr. Epstein regarding the x-ray and report of Dr. Chon was a legitimate attempt at diminishing the impact and reliability of Dr. Epstein's opinion. Accordingly, we find that the trial court did not abuse its discretion in allowing Counsel's questioning regarding Dr. Epstein's report.

■ Appellant next contends that the trial court erred in failing to sustain appellant's objection to the cross-examination of Dr. Epstein regarding a report of a Dr. Elliott C. Schull. This claim is spurious. Dr. Schull's report indicated only that Tuzi may have had cancer in the lungs, a fact conceded by

---

**3.** Pleural thickening is evidence of an asbestos related alteration of the lung tissue.

**4.** We point out that there is no assertion by appellant nor is there any evidence in the record establishing that Dr. Chon's report was unavailable to Dr. Epstein.

both appellant and Dr. Epstein. As appellant has failed to demonstrate how it was prejudiced by this testimony, this claim is meritless.

■ Finally, appellant argues that the trial court erred in overruling appellant's objection to counsel for Tuzi's cross-examination of Dr. Epstein regarding a letter written by a Dr. Sokolowski. As mentioned above, the right to cross-examination includes the right to question a witness on facts tending to refute inferences or deductions made by the witness on direct examination. *Kemp* at 324, 473 A.2d at 1371.

■ On direct examination, Dr. Epstein testified that after reviewing the records supplied to him, it was his opinion that Tuzi's throat cancer was caused by his cigarette smoking and heavy use of alcohol and that Tuzi had not suffered from any asbestos-related disease. In cross-examining Dr. Epstein, counsel for Tuzi asked Dr. Epstein to read part of a letter written by a Dr. Sokolowski, a physician who had treated Tuzi for throat cancer. In the letter, Dr. Sokolowski stated that it was his opinion that Tuzi's throat cancer was a result of his exposure to asbestos-related materials.[5] Videotaped Deposition of Dr. Epstein at 76.

As this letter was written by a physician who was treating Tuzi for throat cancer and as it conveyed the physician's conclusions regarding the cause of the cancer, we find it reasonable to expect it to have some bearing on a medical expert's findings where that expert is rendering an opinion on the cause of the cancer. Here, although the letter was available to Dr. Epstein, it appears from the record that Dr. Epstein had not reviewed it. Hence, after observing Dr. Epstein's unfamiliarity with the letter, Counsel asked Dr. Epstein to read Dr. Sokolowski's conclusion aloud to establish that the diagnosis which Dr. Epstein failed to review contra-

5. Specifically, Dr. Epstein testified as follows:
Doctor Sokolowski said—and this is certainly not my opinion but it's what Doctor Sokolowski said—"it is my reasoned medical opinion that the evolution of carcinoma of the larynx in Mr. Tuzi occurred as a consequence of his exposure to asbestos-related materials."
Videotaped Deposition of Dr. Epstein at 76.

dicted his own findings.[6]  As this was a legitimate attempt at discrediting Dr. Epstein's testimony, we find that the trial court did not abuse its discretion in denying appellant's objection.

## II.

Appellant next contends, on several grounds, that the trial court erred in giving a misleading and confusing charge to the jury.  We disagree.

■ Appellant first objects to the trial court's instruction on causation where the trial court stated, in pertinent part:

Plaintiffs must prove it is more likely than not that they have been injured by asbestos exposure.  Asbestos exposure need not be the only factor.

A substantial contributing factor is an actual, real factor.  It is not an imaginary, fanciful or irrelevant factor having little or no connection with the disease.  It is a cause which, in a continuous and unbroken sequence, produces harm that would not have occurred without it.  Accordingly, the plaintiffs must establish more than asbestos presence in the workplace.  They must prove they worked near the produce [sic] and inhaled the dust of this material called asbestos.

N.T., 1–14–92, at 102.

Appellant argues that this instruction led the jury to believe that if they found that appellees inhaled asbestos, then they must also conclude that asbestos was a substantial cause of their lung and throat cancer.  We disagree.  Preliminarily, we point out that "[w]hen reviewing a claim that the trial court erred in instructing the jury, the scope of appellate review is whether the court committed a clear abuse of discretion or an error of law which controlled the outcome of the case." *Butler v. Kiwi, S.A.*, 412 Pa.Super. 591, 596, 604 A.2d 270, 272 (1992)

6. We point out that although Counsel could have questioned Dr. Epstein as to whether his conclusion was different from that of Dr. Sokolowski instead of having the contradicting diagnosis read by Dr. Epstein, as both methods of cross-examination would have elicited the same information, we find no resulting prejudice to appellant.

(citation omitted), *appeal denied*, 531 Pa. 650, 613 A.2d 556
(1992). Moreover, in reviewing the trial court's instructions to
the jury, "[t]his court will look at the charge in its entirety
against the background of evidence in the case to determine
whether error was made and whether it was prejudicial." *Id.*
(citations omitted).

In the instant action, the trial court never stated that
inhalation of asbestos was sufficient but, rather, stated that it
was necessary to establish that asbestos exposure was a
substantial factor in causing Tuzi's injuries. Moreover, the
trial court's instruction clearly provided that appellees were
required to show that they had been injured by asbestos
exposure and that this exposure was a substantial contributing
factor to their injuries. *See Dudley v. USX Corp.*, 414 Pa.Super.
160, 174, 606 A.2d 916, 923 (1992), *appeal denied*, 532 Pa.
663, 616 A.2d 985. After reviewing the instruction in its
entirety, we find no abuse of discretion or error of law
regarding the trial court's charge on causation.

█ Appellant next points to the following instruction by
the trial court on damages:

Damages may be awarded only if you find plaintiffs' evi-
dence provides sufficient data to assess them with reason-
able certainty. While damages may not be awarded on the
basis of speculation, conjecture or guesswork, the law does
not require mathmatical [sic] exact proof. A damage award
may not include these three items. Delay damages, attor-
neys [sic] fees and court costs. You may not award dam-
ages for injuries, symptoms, conditions or diseases which
are not related to plaintiffs' asbestos exposure.

I would say, from my recollection, the testimony, there was
in one case, some mention of TB, tuberculosis. Damages of
that sort is not in this case of itself. That is what I
recollect. You, again, as a good illustration, your recollec-
tion will count when review everything.

N.T., 1–14–92, at 107.

Appellant argues that the trial court's instruction influenced
the jury to disregard appellant's defense that Tuzi's lung

cancer was a result of tuberculosis scarring rather than asbestos exposure. We disagree. The trial court's reference to tuberculosis was clearly within the context of its instruction to the jury on damages. The trial court properly pointed out that any damages to appellees from tuberculosis should not be considered as appellees' claim was only for damages sustained from asbestos exposure. Accordingly, we find no abuse of discretion or error of law.

■ Appellant's last objection to the trial court's charge is that the trial court erred in failing to charge the jury that tuberculosis scars may have been a substantial contributing factor in causing Tuzi's lung cancer. We disagree. As mentioned above, the trial court properly charged the jury on causation. The question before the jury was whether, after reviewing all of the evidence, they found that asbestos was a substantial factor in causing appellees' injuries, regardless of other contributing factors. We find that the trial court's charge was sufficient and appellant's objection is without merit. *See Cooper v. Burns*, 376 Pa.Super. 276, 283, 545 A.2d 935, 938 (1988), *appeal denied*, 522 Pa. 619, 563 A.2d 888 (1989). *See also Noecker v. Johns–Manville Corp.*, 355 Pa.Super. 463, 472, 513 A.2d 1014, 1019 (1986).

### III.

Appellant's final contention is that the trial court erred in failing to grant its request for remittitur. We disagree.

■ We first point out that "[w]hen faced with a claim that the jury's award of damages was excessive, we must be 'ever-mindful that our standard of review is extremely narrow.'" *Taylor v. Celotex*, 393 Pa.Super. 566, 593, 574 A.2d 1084, 1098 (1990) (quoting *Glomb v. Glomb*, 366 Pa.Super. 206, 216, 530 A.2d 1362, 1368 (1987), *appeal denied*, 517 Pa. 623, 538 A.2d 876 (1988)). Accordingly, an order of remittitur is justified only where the verdict is unsupported by the evidence or it can be shown that the jury was guided by partiality, prejudice, mistake or corruption. *Stoughton v. Kinzey*, 299 Pa.Super. 499, 502, 445 A.2d 1240, 1242 (1982).

Appellant contends that as there is evidence showing that both appellees smoked and drank and that appellee-Tuzi had scarring on his lungs from tuberculosis, the damages awarded appellees, $181,000 to Rafter and $605,000 to Tuzi, were excessive. We disagree. There was ample evidence at trial establishing that asbestos exposure was a substantial factor in appellees' injuries and demonstrating the pain and suffering caused to appellees as a result of the injuries sustained. As the finder of fact, the jury is entitled to believe all, some or none of the evidence presented. *See Commonwealth v. Favinger*, 358 Pa.Super. 245, 249–250, 516 A.2d 1386, 1388 (1986) (citation omitted), *appeal denied*, 516 Pa. 612, 531 A.2d 779 (1987). As we do not find that the jury's verdict shocks our sense of justice, we hold that the trial court did not abuse its discretion in refusing to order remittitur. *See Taylor*, 393 Pa.Super. 566, 593, 574 A.2d 1084, 1098 (1990) (" 'A verdict will stand unless its excessiveness shocks our sense of justice.' ") (quoting *Glomb*, 366 Pa.Super. at 216, 530 A.2d at 1368).

Accordingly, we affirm the order of the trial court.

Order affirmed.

CAVANAUGH, J., notes his dissent.