671 A.2d 228

John H. RANDT and Patricia Randt, H/W, Appellants,

v.

ABEX CORPORATION, Allied Corporation, Brake & Clutch Company of Philadelphia, Carlisle Corporation, Celotex Corporation, SMS Automotive Products, Davis Brake & Equipment Corporation, Garlock Inc., Raymark Industries, Inc., Maremont Corporation, Delco Products, Lenco Inc., Nicolet Industries Inc., Manufactured Rubber Products Company, Nuturn Corporation, Lear Siegler Inc., Pacor Inc., Dana Corporation, Rockwell International, Southern Textile Company, Airco Welders Supply, Borg–Warner Corporation, H.K. Porter Company Inc., Pennsylvania Brake Bonding, Wagner Electric Company, American Standard, The Anchor Packing Company, General Electric Company, Turner & Newall Ltd., Monsey Products, Grumman Ohio Corporation, Industrial Salesmaster Corp., Railroad Friction, Westinghouse Electric Corp.

Robert L. RYNKIEWICZ and Anne
Rynkiewicz, H/W, Appellants,

v.

ABEX CORPORATION, Allied Corporation, Brake & Clutch Company of Philadelphia, Carlisle Corporation, Celotex Corporation, SMS Automotive Products, Davis Brake & Equipment Corporation, Garlock Inc., Raymark Industries Inc., Maremont Corporation, Delco Products, Lenco Inc., Nicolet Industries Inc., Manufactured Rubber Products Company, Nuturn Corporation, Lear Siegler Inc., Pacor Inc., Dana Corporation, Rockwell International, Southern Textile Company, Airco Welders Supply, Borg–Warner Corporation, H.K. Porter Company, Inc., Pennsylvania Brake Bonding, Wagner Electric Company, American Standard, The Anchor Packing Company, General Electric Company, Turner & Newall Ltd., Monsey Products.

Louis LEPORE and Janice Lepore, H/W, Appellants,

v.

ABEX CORPORATION, Allied Corporation, Brake & Clutch Company of Philadelphia, Carlisle Corporation, Celotex Corporation, Colonial Rubber, Davis Brake & Equipment Corporation, Garlock Inc., Raymark Industries, Inc., Grumman Ohio Corporation, Delco Products, Lenco Inc., Nicolet Industries, Inc., TNT Liquidating Company, Nuturn Corporation, Lear

Siegler Inc., Smith of Philadelphia, Dana Corporation, Rockwell International, Southern Textile Company, Airco Welders Supply, Borg–Warner Corporation, Pennsylvania Brake Bonding, Wagner Electric Company, Pacor Inc., Hausman Bus Sales & Parts, Industrial Salesmaster Corp., Maremont Corporation, SMS Automotive Products.

Superior Court of Pennsylvania.

Argued June 27, 1995.

Filed Jan. 19, 1996.

226

228

Robert E. Paul, Philadelphia, for appellants.

Matthew Reber, Philadelphia, for Carlisle Corp., appellees.

Before ROWLEY, President Judge [1], HUDOCK and CERCONE, JJ.

CERCONE, Judge.

█ This is an appeal from an order of the lower court denying appellants' motions for new trial.[2] We affirm.

The lower court aptly stated the facts and procedural history of the case:

1. This decision was reached prior to the retirement of President Judge Rowley from this court.

2. An appeal of an order denying a motion for new trial after a trial by jury "may be remanded or subject to other appropriate action of the appellate court when the order is such that it may be reduced to judgment or final decree and entered in the docket but such action has not been taken." See Note, Pa.R.A.P., Rule 301, 42 Pa.C.S.A. According to the certified record submitted to this court in the instant case, judgment has not been entered on the record. However, in the interests of judicial economy, we will "regard as done that which ought to have been done." See McCormick v. Northeastern Bank of Pennsylvania, 522 Pa. 251, 254, n. 1, 561 A.2d 328, 330 n. 1 (1989)(although order dismissing appellants' motion for post-trial relief was not reduced to judgment, court would regard as done "that which ought to have been done," in the interests of judicial economy) (citation omitted). Cf. Johnston the Florist, Inc. v. TEDCO Construction Company, 441 Pa.Super. 281, 657 A.2d 511 (1995) (en banc )(appellate court may not review merits of appeal where appellant has refused "outright" the appellate court's request to enter judgment). The instant case is distinguishable in that, unlike Johnston the Florist, no request was made to appellants here to enter judgment.

The above-captioned cases were tried in a consolidated action with five other cases in a reverse bifurcated trial. Trial commenced before this Court and a jury on April 5, 1993. Plaintiffs presented their cases and rested on April 12, 1993. Immediately thereafter, defendants moved for nonsuit in each case, based on plaintiffs' failure to satisfy *Eckenrod v. GAF Corporation*, 375 Pa.Super. 187, 544 A.2d 50 (1988), *alloc. den.*, 520 Pa. 605, 553 A.2d 968 (1990). At the close of plaintiffs' cases, this Court entered nonsuit in the other five cases and permitted *Randt, Rynkiewicz,* and *Lepore,* to go to the jury.

The jury entered verdicts in favor of the defendants, finding that none of the plaintiffs suffered from a compensable asbestos-related disease at that time. Plaintiffs filed Post–Trial Motions requesting new trials. On May 13, 1994, this Court denied plaintiffs' motions. Thereafter, Notice of Appeals were filed with the Superior Court of Pennsylvania.

## I. FACTS

In the instant case, plaintiffs were all former or present employees of Southeastern Pennsylvania Transportation Authority (SEPTA) at the Comly depot. Plaintiffs alleged contraction of asbestos-related diseases over the course of their careers at SEPTA caused by exposure to asbestos-containing brake products and clutches manufactured by defendants.

John Randt worked for SEPTA beginning in 1948 and ending in 1988, where he began performing brake and other mechanical work in 1972. Medical testimony at trial asserted the existence of a possible mild pleural thickening and no pulmonary asbestosis. Furthermore, Dr. Allan P. Freeman's [sic] testified, via videotaped deposition, that Mr. Randt's shortness of breath was attributable to asthma, coronary artery disease and obesity, contrary to Dr. Auerbach's belief that the respiratory symptoms were due to Mr. Randt's exposure to asbestos. Moreover, Mr. Randt's own testimony established he had been diagnosed with emphysema as well as obesity.

Robert Rynkiewicz worked for SEPTA from 1958 to 1991. Testimony indicated Mr. Rynkiewicz was diagnosed with pleural thickening in 1984. Furthermore, Dr. Altschuler's [sic] stated Mr. Rynkiewicz had contracted asbestosis. Mr. Rynkiewicz claimed shortness of breath walking up two flights of stairs and problems with waking up at night not able to breath[e]. Contradictory evidence of a medical examination conducted by Dr. Allan P. Freeman maintained there was no evidence of asbestos-related diseases or conditions. Furthermore, Mr. Rynkiewicz had a history of obesity, restrictive ventilatory impairment and arterial hypertension.

Louis Lepore worked for SEPTA from 1969 through the time of trial. Dr. Gelfand testified Mr. Lepore contracted restrictive ventilation and reduction of residual volume and functional residual capacity due to asbestos exposure. To the contrary, Dr. Allan P. Freedman stated he could not make a diagnosis of pleural thickening and there was no indication of pulmonary asbestosis.

At the conclusion of the evidence, the jury was presented with three questions. First, had each plaintiff contracted an asbestos-related disease. Second, if any plaintiff had contracted an asbestos-related disease, was the disease compensable at the present time. Last, what amount should be awarded to each plaintiff, if the disease was found to be compensable.

The jury found each plaintiff did contract an asbestos-related disease. It then concluded none of the plaintiffs' disease[s] [were] compensable at the present time. Therefore, no decision on the amount of damages was necessary.

Trial court opinion, February 17, 1995, at 1–3. Appellants raise the following issues on appeal:

1. Did the lower court commit an abuse of discretion and/or error of law when it refused to grant a new trial where the jury had determined Plaintiffs had contracted an asbestos-caused disease but awarded no money damages?

2. Did the lower court err when it denied the motion to recuse because the lower court's son is a paralegal in an asbestos firm?

3. Are the opinions of the Superior Court in *Marinari, Ottavio,* and *Giffear* legally erroneous and violative of Supreme Court precedent?

4. Was the order denying a new trial a final order?

We will address these claims in order.

Appellants first contend that the trial court committed an error of law when it refused to grant a new trial on damages after the jury determined that appellants had developed asbestos-related diseases, but had awarded no damages. A new trial should be awarded when the jury's verdict is so contrary to the evidence as to shock one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail. *Thompson v. City of Philadelphia,* 507 Pa. 592, 493 A.2d 669 (1985). The Superior Court's standard of review of the denial of a new trial is to decide whether the trial court committed an error of law which controlled the outcome of the case or an abuse of discretion. *Robertson v. Atlantic Richfield Petroleum Products Co.,* 371 Pa.Super. 49, 537 A.2d 814 (1985), *appeal denied,* 520 Pa. 590, 551 A.2d 216 (1987). If support for the trial court's decision on a motion for a new trial is found in the record, the order must be affirmed. *Adamski v. Miller,* 434 Pa.Super. 355, 643 A.2d 680 (1994).

In the instant case, the jury was instructed to answer three questions in regard to each case. The first question was whether the plaintiff had an asbestos-related disease. The jury was to answer this question with a "yes" or "no" response. If they answered the first question "yes," then they were to proceed to a second question: whether the asbestos-related disease was compensable at the present time. Again, the jury was instructed to answer "yes" or "no." If they answered "no" to the second question, they were to proceed no further and come back into court. If they answered "yes" to the second question, then they were to proceed to the third

232

question: the amount of damages to be awarded. (N.T., April 14, 1993, at 128–29). In each of the cases on appeal, the jury answered the first question "yes," and the second question "no." In other words, in each case, the jury found that the plaintiff was suffering from an asbestos-related disease but that the disease was not compensable at the present time.

 It is clear from the questions presented to the jury that it was possible for them to return a verdict that a plaintiff was suffering from an asbestos-related disease but was not entitled to a damages award. Appellants made no objections to these interrogatories when the lower court presented them to the jury. Where a party fails to specifically object to a trial court's jury instruction, the objection is waived and cannot subsequently be raised on appeal. *Dilliplaine v. Lehigh Valley Trust Company*, 457 Pa. 255, 322 A.2d 114 (1974). Here, appellants did not object to the three interrogatories the lower court gave to the jury. Therefore, they cannot now raise as error the issue of whether a new trial is required because the jury determined that appellants had each contracted an asbestos-related disease but awarded no damages.

 Moreover, the interrogatories were in conformance with the law. Asymptomatic asbestos-related disease is not compensable. *Giffear v. Johns–Manville Corporation*, 429 Pa.Super. 327, 632 A.2d 880 (1993) (en banc), *appeal granted*, 539 Pa. 651, 651 A.2d 539 (1994).[3] Nor is shortness of breath alone compensable. *Taylor v. Owens–Corning Fiberglas Corporation*, —— Pa.Super. ——, —— n. 2, 666 A.2d 681, 687 n. 2 (1995) "It is common knowledge that breathlessness is also associated with any number of non-asbestos-related ailments including lung cancer, excessive cigarette smoking, heart disease, obesity, asthma, emphysema and allergic reactions." *Id.* The trial court's interrogatories, which allowed the jury to find that the plaintiffs had asbestos-related diseases or conditions but to also find those conditions presently noncompensable, were correct and in accordance with the law.

**3.** Until a decision of the Superior Court is overruled by the Supreme Court, such decision is the law of the Commonwealth. *Baker v. Aetna Casualty & Surety Co.*, 309 Pa.Super. 81, 454 A.2d 1092 (1982).

The decisions relied upon by appellants to support their theory that an award of damages was required in this case involved factual situations in which the cause of the plaintiffs' injuries was not disputed. *See, e.g., Neison v. Hines,* 539 Pa. 516, 653 A.2d 634 (1995) (trial court did not abuse discretion in awarding new trial where jury failed to award any damages for pain and suffering; fact of plaintiff's objective injuries arising from automobile accident was not contested; defense contested only the duration of the injuries prior to healing); *Todd v. Bercini,* 371 Pa. 605, 92 A.2d 538 (1952)(trial court properly awarded new trial where, in action for serious personal injuries resulting from a motor vehicle accident, jury awarded sum for medical bills but did not award anything for pain, suffering, inconvenience, or lost wages). In contrast, in the instant case, there was conflicting testimony as to whether appellants had contracted any asbestos-related disease, and whether the subjective symptoms of which appellants complained were caused by an asbestos-related condition.

The jury's verdict in this case was supported by the evidence. There was expert testimony to the effect that Mr. Randt had possible mild pleural thickening but that it would not account for his shortness of breath. Similarly, expert testimony was admitted indicating that Mr. Rynkiewicz had no shortness of breath related to his asbestos exposure. As to Mr. Lepore, there was expert testimony to the effect that the plaintiff had no pleural thickening or evidence of pulmonary asbestosis, but that he was obese and a diabetic. On the other hand, expert testimony offered by appellants showed that Lepore had bilateral pleural thickening caused by exposure to asbestos, and a moderately severe reduction of residual volume, by pulmonary function study, the degree of which the expert could not attribute completely to Lepore's obesity. Randt offered testimony that he had asbestos related pleural disease, with respiratory symptoms some of which had to be attributed to his asbestos exposure. Mr. Rynkiewicz' expert witness testified that Rynkiewicz had asbestos-related pleural plaque and asbestosis and that there was no other explanation for his symptoms.

234

 A jury is entitled to believe all, part, or none of the evidence presented. *Rafter v. Raymark Industries, Inc.*, 429 Pa.Super. 360, 632 A.2d 897 (1993). A jury can believe any part of a witness' testimony that they choose, and may disregard any portion of the testimony that they disbelieve. *Mitzelfelt v. Kamrin*, 526 Pa. 54, 584 A.2d 888 (1990). Credibility determinations are for the jury. *Sundlun v. Shoemaker*, 421 Pa.Super. 353, 617 A.2d 1330 (1992). In this case, the jury, in finding that appellants had contracted asbestos-related diseases which were not compensable, properly exercised their function of weighing the testimony presented and making credibility determinations. A new trial should not be granted on a mere conflict in the testimony. *Baldino v. Castagna*, 505 Pa. 239, 478 A.2d 807 (1984). Here, there was sufficient evidence to support the jury's determination. Appellants' arguments on appeal go only to a conflict in the evidence which the jury resolved by finding that the appellants had asbestos-related diseases which were not compensable. Therefore, the lower court acted properly in denying appellants a new trial.

Appellants contend that the trial court erred in its charge by not instructing the jury that appellants had the right to collect for "fear and risk of cancer." Appellants assert that where there is a disease or injury, the traditional items of damage are to be collected, "such as fear and risk and emotional distress and the value of restriction in life function." Brief for appellant, at 14. They argue that if a plaintiff "has contracted symptoms due to his asbestos inhalation then he should be able to collect for emotional distress, pain, shortness of breath, interference with his life functioning and fear of the conditions worsening even if he can't collect for fear of cancer." *Id.*

 Appellants' argument addresses two separate aspects of damages: (1) damages which may be awarded to a plaintiff suffering from asbestos-related disease for the fear and risk of cancer; and (2) damages which may be awarded to such plaintiff for "emotional distress, pain, interference with his life functioning and fear of the conditions worsening." It

is well-established that damages for fear and risk of cancer cannot be awarded when the plaintiff has not yet contracted that disease. *Marinari v. Asbestos Corporation, Ltd.,* 417 Pa.Super. 440, 612 A.2d 1021 (1992). In *Marinari,* the two-disease rule was established under which damages related to cancer, even the fear and risk of such, may not be recovered in an initial action for asbestos-related disease where the plaintiff in such action has not yet contracted cancer. *Id.* at 451–54, 612 A.2d at 1026–28. Under *Marinari,* if and when a plaintiff contracts asbestos-related cancer, a separate action may be brought for damages related thereto. *Id.; Ottavio v. Fibreboard Corporation,* 421 Pa.Super. 284, 296, 617 A.2d 1296, 1302 (1992). Since appellants have not demonstrated that they are afflicted with asbestos-related cancer, damages for risk and fear of cancer are not available to them in this action.

As to the second kind of damages claimed by appellants, recent case law makes clear that damages may only be awarded where an asbestos-related condition has produced a compensable injury, *i.e.,* the condition is symptomatic and produces an impairment or disability. *Giffear v. Johns–Manville Corporation,* 429 Pa.Super. at 336–37, 632 A.2d at 888. "To fully compensate a plaintiff for an asbestos-related injury that is likely to get progressively worse, a jury may award for future harm." *Giordano v. A.C. & S., Inc.,* 446 Pa.Super. 232, ——, 666 A.2d 710, 712–13 (1995) (citing *Martin v. Johns–Manville Corporation,* 508 Pa. 154, 494 A.2d 1088 (1985)). In addition, there must be evidence presented at trial which would support the award of damages for future harm. *See Giordano,* 446 Pa.Super. at ——, 666 A.2d at 713 (use of actuarial tables to estimate plaintiffs' life expectancies in action for asbestos-related injuries was proper). In this case, the jury found that none of the appellants have contracted compensable asbestos disease. Thus, even if appellants had presented evidence to establish their entitlement to damages for future harm, it would not have availed them in this action because they failed to establish that their asbestos-related

diseases were compensable.[4] In the event that their asbestos-related injuries become compensable, *i.e.*, that appellants' conditions produce demonstrable impairment, they may institute another lawsuit at that time. *See White v. Owens–Corning Fiberglas Corporation*, 447 Pa.Super. 5, ——, 668 A.2d 136, 145 (1995) (if a plaintiff eventually develops discernible symptoms due to his asbestos exposure he would have a compensable injury for which he would be able to institute another lawsuit at that time); *Giffear v. Johns–Manville Corporation*, 429 Pa.Super. at 341, 632 A.2d at 888 (if and when appellant's condition manifests itself as a functional impairment, appellant may then bring an action for damages).

■ Appellants also contend that *Marinari, Ottavio,* and *Giffear* should not be applied to the instant case, but should be applied only to cases in which the complaints were filed after those decisions. The Pennsylvania Supreme Court has set forth the correct approach to the question of retroactivity of judicial decisions:

The general rule followed in Pennsylvania is that we apply the law in effect at the time of the appellate decision. *Commonwealth v. Cabeza,* 503 Pa. 228, 469 A.2d 146 (1983). This principle applies with equal force to both civil and criminal proceedings. *Id.; Commonwealth v. Brown,* 494 Pa. 380, 431 A.2d 905 (1981). This means that we adhere to the principle that, "a party whose case is pending on direct appeal is entitled to the benefit of changes in law which occurs [sic] before the judgment becomes final." *Common-*

---

4. Appellants have failed to apprise this court that any such evidence was admitted at trial. We note that the record certified to us on appeal was incomplete in that the notes of testimony were not included. The lower court was not able to provide us with those notes despite our request, which is not our responsibility to undertake. *See Commonwealth v. Feflie,* 398 Pa.Super. 622, 581 A.2d 636 (1990), *appeal denied,* 528 Pa. 621, 597 A.2d 1151 (1991)(it is the responsibility of the appellant to ensure that a complete certified record is provided to the appellate court). Inasmuch as appellants have failed to point out the existence of any evidence of future harm such as was before the court in *Giordano,* we conclude that no such evidence in fact exists in this case. However, even if such evidence were present, it would not avail appellants who failed to prove to the jury that their asbestos-related conditions were presently compensable.

*wealth v. Brown, supra,* 431 A.2d at 906–07, citing *August v. Stasak,* 492 Pa. 550, 424 A.2d 1328 (1981). We noted in *August* that at common law, a decision announcing a new principle of law is normally retroactive. We further noted in *August* that although retroactivity is the general rule, a sweeping rule of retroactive application is not justified. Retrospective application is a matter of judicial discretion which must be exercised on a case by case basis. *August v. Stasak, supra,* 424 A.2d at 1330, citing *Linkletter v. Walker,* [381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1985) ].

*Blackwell v. Commonwealth, State Ethics Commission,* 527 Pa. 172, 182, 589 A.2d 1094, 1099 (1991).

 In the instant case, both *Marinari* and *Ottavio* were decided prior to the trial. Appellants' argument that these two decisions should not be applied to the instant case is therefore without merit. At the time *Giffear* was decided (September 16, 1993), appellants had filed post-trial motions in this case which were then pending in the lower court. It was determined in *Dempsey v. Pacor, Inc.,* 429 Pa.Super. 404, 632 A.2d 919 (1993) that *Marinari* could be applied retroactively to cases which were tried before that decision was filed. Similarly, we can conceive of no reason why the *Giffear* decision should not be applied to the instant case. Appellants have not alleged any such reason and we are not aware of one which would require that an exception to the general rule of retroactivity be applied herein.

 Appellants also allege that the trial court erred in failing to recuse itself from the case because the trial judge's son is employed by "an asbestos defense firm as a paralegal." Brief for appellants, at 15. The propriety of a judge's decision on a motion for recusal is reviewed on appeal under an abuse of discretion standard. *Reilly by Reilly v. Southeastern Pennsylvania Transportation Authority,* 507 Pa. 204, 489 A.2d 1291 (1985). Here, appellants have failed to support their contention with any citation of authority or any specific allegations as to the purported bias or prejudice of the trial

judge in the instant case. The trial court gave the following reasoning for its decision to deny the recusal motion:

> The fact that the undersigned's son works as a paralegal for a defense firm in New Jersey which represents an asbestos defendant did not require recusal from this case. Furthermore, the undersigned had nothing to do with his son's procurement nor preservation of the job as paralegal. This court was fully able to dispose of the matter fairly and without prejudice. Therefore, there was no abuse of discretion.

Trial court opinion, February 17, 1995, at 11. We similarly find no abuse of discretion in the trial court's decision to deny the recusal motion. Appellants have not set forth any specific allegations of the trial judge's bias or prejudice in the instant case. Based on our review of the record, we agree that the trial court was "fully able to dispose of the matter fairly and without prejudice." *Id.*

Order affirmed.[5]

---

5. As we previously noted, although appellants have failed to petition for judgment to be entered on the docket, we will consider done "that which ought to have been done." *McCormick v. Northeastern Bank of Pennsylvania, supra,* note 1.