**Cooke v. Case**

C.P. of Bucks County, no. 94-04321-18-2.

*Steven L. Rovner,* for plaintiffs.
*Sean M. Corr,* for defendants.

McANDREWS, *J.,* June 27, 1996—This matter is before the court for the disposition of post-trial motions filed by the plaintiffs. The plaintiffs have elected not to have the notes of testimony transcribed.

This case involves a personal injury claim arising out of an automobile accident which occurred on December 19, 1992. The trial was held on April 18 and 19, 1996, before a jury of eight. The defendant admitted liability, but disputed plaintiffs' allegations that injuries were sustained as a result of the accident. At the conclusion of the case, special interrogatories were submitted to the jury. The first question posed was;

"Do you find that Martin E. Cooke suffered damages as a result of the December 29, 1992, accident?"

The jury answered the question "no" and returned to the courtroom to render their verdict in favor of defendant and against plaintiff. The verdict was unanimous.

The plaintiffs' memorandum in support of the post-trial motions addresses only one issue, and that is whether a jury can legally find that a plaintiff did not sustain an injury in an accident where the defendant admits liability, and where plaintiff and his treating physician testify there were injuries sustained in the accident. The plaintiffs' post-trial motion also asserted juror misconduct, and errors in evidentiary rulings, but these issues were not addressed by plaintiffs in their memorandum and, therefore, are deemed abandoned.

The evidence presented by the plaintiffs raised a question of credibility for the jury to decide. The December 29, 1992, accident was a rear-end collision with a minor impact. The evidence established that plaintiff had been in a motor vehicle accident approximately five months earlier, and at the time of the current accident he was on his way to the doctor's for treatment for the soft tissue injuries sustained in the earlier accident. The medical records indicated the plaintiff was being treated two or three times a week following the earlier accident. After the December 29, 1992, accident, the same treat-

ment continued uninterrupted for another six months by the same doctors, treating the plaintiff in the same fashion. The plaintiff was going several times a week to receive heat treatments and other modalities, and continued the same schedule following the current accident.

The defendant presented no evidence, and argued to the jury that the plaintiff suffered no injury from the accident, and if any treatment was necessary it was because of injuries from the earlier accident. The issue of credibility of the plaintiff and the medical expert was sufficiently focused so that counsel agreed that the jury should address the threshold question as to whether the plaintiff suffered any injuries from this accident. The answer was "no" and a verdict was rendered in favor of the defendant.

The plaintiffs argue that the jury was bound to accept the testimony of the plaintiff and the medical expert as to the injuries sustained by plaintiff because the defendant presented no evidence to contradict the plaintiffs' testimony. This is contrary to the law.

The jury is entitled to believe all, part or none of the evidence presented. In addition it may believe any part of a witness' testimony, and they may disbelieve any portion of the testimony. *Randt v. Abex Corporation,* 448 Pa. Super. 224, 234, 671 A.2d 228, 233 (1996).

The plaintiff entered the courtroom with the burden of proving by a preponderance of the evidence that the defendant was negligent, and the defendant's negligence was a substantial factor in causing injury to plaintiff. The defendant conceded the first element, and the plaintiff failed to convince the jury of the second element.

It is this court's view that the jury's determination that no injury was sustained by plaintiff was entirely consistent with the evidence, and, therefore, post-trial motions are denied.