J. A16036/18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| DENISE RODRIGUEZ | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| GILBERT POWELL & | : | |
| RONEATHA POWELL TRUSTEES, | : | No. 132 EDA 2018 |
| | : | |
| Appellants | : | |

Appeal from the Order Entered November 29, 2017,
in the Court of Common Pleas of Philadelphia County
Civil Division at No. December Term 2015 No. 2218

BEFORE:  BENDER, P.J.E., LAZARUS, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED OCTOBER 10, 2018**

Gilbert Powell and Roneatha Powell (collectively, "appellants") appeal **pro se** from the November 29, 2017[1] order entered by the Court of Common Pleas of Philadelphia County denying appellants' motion to vacate or grant a new trial and appellants' motion to vacate judgment against them entered June 14, 2017.  For the following reasons, we are constrained to dismiss appellants' appeal.

Appellee, Denise Rodriguez, filed a complaint sounding in negligence against appellants with the trial court on September 6, 2016.  Appellants filed an answer to appellee's complaint on September 13, 2016.  On September 20,

---

[1] Appellants mistakenly identified the date of the order appealed from as February 9, 2018.  The trial court denied appellants' post-trial motions in an order dated November 29, 2017.  We have amended the caption accordingly.

2016, a board of arbitrators found in favor of appellee, awarding her $25,000. Appellants appealed the arbitrators' award to the trial court on October 17, 2016.

The trial court held a bench trial on June 14, 2017, after which it found in favor of appellee in the amount of $25,000. Appellants filed a motion for reconsideration on June 22, 2017, which was denied by the trial court on July 12, 2017. Appellants filed a notice of appeal to this court on July 27, 2017. This court dismissed appellants' appeal **sua sponte** on September 18, 2017, because appellants did not file post-trial motions, thereby failing to preserve any issues for appellate review. Our dismissal was without prejudice in order to allow appellants to file a motion with the trial court for permission to file post-trial motions **nunc pro tunc**.

On September 28, 2017, appellants filed a motion with the trial court requesting permission to file post-trial motions **nunc pro tunc**. The trial court granted appellants' motion on October 10, 2017. Appellants filed post-trial motions **nunc pro tunc** on October 31, 2017. The trial court denied appellants' motions on November 29, 2017.

Appellants filed a notice of appeal to this court on December 18, 2017. On January 8, 2018, the trial court ordered appellants to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellants timely complied, filing their Rule 1925(b) statement on January 19,

2018. The trial court filed an opinion pursuant to Pa.R.A.P. 1925(a) on February 6, 2018.

We must first determine whether we have jurisdiction to consider appellants' appeal. Based upon our review of the certified record, appellants filed a praecipe to enter judgment with the trial court on February 7, 2018, however, an entry of judgment does not appear in the certified record. These procedural facts are on point with a similar situation confronted by this court in **Randt v. Abex Corp.**, 671 A.2d 228 (Pa.Super. 1996).

> An appeal of an order denying a motion for new trial after a trial by jury "may be remanded or subject to other appropriate action of the appellate court when the order is such that it may be reduced to judgment or final decree and entered in the docket but such action has not been taken." **See** Note, Pa.R.A.P., Rule 301, 42 Pa.C.S.A. According to the certified record submitted to this court in the instant case, judgment has not been entered on the record. However, in the interests of judicial economy, we will "regard as done that which ought to have been done." **See McCormick v. Northeastern Bank of Pennsylvania**, 522 Pa. 251, 254, n.1, 561 A.2d 328, 330 n.1 (1989) (although order dismissing appellants' motion for post-trial relief was not reduced to judgment, court would regard as done "that which ought to have been done," in the interests of judicial economy) (citation omitted). **Cf. Johnston the Florist, Inc. v. TEDCO Construction Company**, 441 Pa.Super. 281, 657 A.2d 511 (1995) (**en banc**) (appellate court may not review merits of appeal where appellant has refused "outright" the appellate court's request to enter judgment). The instant case is distinguishable in that, unlike **Johnston the Florist**, no request was made to appellants here to enter judgment.

***Randt***, 671 A.2d at 230 n.2. In the case before us, similar to ***Randt***, appellants did not outright refuse to have judgment entered. To the contrary, a praecipe to enter judgment was filed with the trial court.[2] Accordingly, in the interests of judicial economy, we will "regard as done that which ought to have been done," and will consider appellants' appeal.

We, however, are constrained to dismiss this appeal because appellants' brief entirely fails to adhere to the Pennsylvania Rules of Appellate Procedure. It is well settled that parties to an appeal are required to submit briefs in conformity, in all material respects, with the requirements of the Rules of Appellate Procedure, as nearly as the circumstances of the particular case will admit. Pa.R.A.P. 2101. "Although this Court is willing to liberally construe materials filed by a ***pro se*** litigant, ***pro se*** status confers no special benefit upon the appellant[s]." ***In re Ullman***, 995 A.2d 1207, 1211-1212 (Pa.Super. 2010), ***appeal denied***, 20 A.3d 489 (Pa. 2011) (citations omitted). We cannot advocate or act as counsel for appellants who have not substantially complied with our rules. ***Bombar v. W. Am. Ins. Co.***, 932 A.2d 78, 93 (Pa.Super. 2007) (citation omitted). "This Court may quash or dismiss an appeal if the appellant[s] fail[] to conform to the requirements set forth in the Pennsylvania Rules of Appellate Procedure." ***Ullman***, 995 A.2d at 1211 (citation omitted); ***see also*** Pa.R.A.P. 2101.

---

[2] We do note that the praecipe to file judgment was entered the day after the trial court filed its Pa.R.A.P. 1925(a) opinion.

Instantly, appellants' ***pro se*** brief falls well below the standards delineated in our Rules of Appellate Procedure. Specifically, Pa.R.A.P. 2116(a) requires that the statement of questions involved include each issue to be resolved "expressed in the terms and circumstances of the case but without unnecessary detail." ***Id.*** Here, appellants' statement of questions involved consisted of no less than 26 issues over 20 pages with brief legal argument throughout.

Additionally, the argument section of appellants' brief is not divided into as many parts as there are questions to be argued in violation of Pa.R.A.P. 2119(a). Moreover, the argument section consists of seven numbered sentences, which contain no citations to the record, citations to legal authority, or any other development of appellants' issues on appeal. ***See*** Pa.R.A.P. 2119(b)-(c). Ironically, appellants presented very cogent argument to this court regarding the railing issue. Unfortunately, because of the defects in the brief, we cannot reach a decision on the merits.

Based on the foregoing, we must find all of appellants' issues waived. Accordingly, we dismiss appellants' appeal.

Appeal dismissed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>10/10/18</u>